IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ferial Karen Ardalan, | NO. C 09-04894 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| v. | |
| Macy's West, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's letter to the Court seeking Judge Ware's recusal from the case on the ground that he is biased against Plaintiff and *pro se* litigants generally. In light of Plaintiff's *pro se* status, the Court liberally construes her letter as a Motion for Recusal pursuant to 28 U.S.C. §§ 144, 455.

Requests for recusal are governed by 28 U.S.C. §§ 144 and 455. Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Recusal is justified "either by actual bias or the appearance of bias." Id. A district court judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 445.

Here, Plaintiff bases her Motion primarily on the following representations: (1) in a prior unrelated case before this Court in which Plaintiff was also acting in *pro se*, Judge Ware posed a question to Plaintiff during the hearing on the defendants' summary judgment motion that

"surprised" her and caused her "intense distress"; (2) in an *ex parte* conversation with one of Judge Ware's clerks in the same prior case, the clerk told Plaintiff that Judge Ware would not rule in her favor against the government; (3) Plaintiff believes that Judge Ware will not rule in favor of a *pro se* litigant. (See Motion for Recusal at 1-2, 6.) The Court finds that Plaintiff's unsupported representations do not warrant recusal from the action. Most of the alleged events that Plaintiff describes in her Motion occurred in a prior unrelated litigation against a different defendant. The mere possibility that the Court favored the government in Plaintiff's prior case has no bearing in the present case, which Plaintiff brings against a private corporate entity and an individual. Neither the Court's questioning of Plaintiff during oral argument nor the Court's subsequent ruling against Plaintiff on the merits indicate any bias against Plaintiff. Moreover, Plaintiff's uncorroborated account of an out-of-court statement allegedly made by a clerk cannot by itself justify recusal. Plaintiff's naked assertions of the Court's bias are insufficient to reasonably call its objectivity into question.

Accordingly, the Court DENIES Plaintiff's Motion for Recusal.

Dated: August 9, 2010

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Robert Jerry Schnack schnackr@jacksonlewis.com

Ferial Karen Ardalan
P.O. Box OD
Pacific Grove, CA 93950

Dated: August 9, 2010　　　　　　　　　　　　Richard W. Wieking, Clerk

　　　　　　　　　　　　　　　　　　　　　　By:　　/s/ JW Chambers
　　　　　　　　　　　　　　　　　　　　　　　　　**Elizabeth Garcia**
　　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**