1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FERIAL KAREN ARDALAN, | ) | Case No. 5:09-cv-04894 JW |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| v. | ) | **MOTION TO VACATE** |
| | ) | **ARBITRATION AWARD;** |
| MACY'S INC., et. al., | ) | **GRANTING DEFENDANTS'** |
| | ) | **MOTION TO CONFIRM** |
| Defendants. | ) | **ARBITRATION AWARD** |
| | ) | |
| | ) | |
| | ) | |

Presently before the Court is Plaintiff Ferial Karen Ardlan's ("Plaintiff") Petition seeking to vacate an Arbitration Award issued September 26, 2011 (the "Award"), and reinstate a complaint against Defendants Macy's, Inc. and Marisela Zambrano ("Defendants"). See Petition ("Pet."), Docket Item No. 54. The Petition includes numerous exhibits, including a copy of the 22-page Award. See id., at Ex. 1.

Defendants have filed an opposition to the Petition, and alternatively move for an order confirming the Award. See Opp'n, Docket Item No. 59. Plaintiff also filed a further Response to Defendants' materials. See Resp. to Defs.' Objection, Docket Item No. 60.

Pursuant to Local Civil Rule 7-1(b), the Court concludes that this matter is appropriate for determination without oral argument. Having reviewed the relevant portions of the record - including all of the abovementioned materials - the Court will deny the relief sought by Plaintiff in its entirety, and will grant Defendants' motion to confirm the Award.

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In December, 2010, the Court granted Defendants' motion to compel binding arbitration. See Opp'n, at p. 1. [1]  The arbitration proceedings were conducted through the American Arbitration Association ("AAA"), and heard by arbitrator Linda Hendrix McPharlin (the "Arbitrator").  See id. The Arbitrator was selected through AAA's usual procedures, and the arbitration hearing was held over nine days in June and July, 2011.  See id.  On September 26, 2011, the Arbitrator issued a lengthy 22-page Award in favor of Defendants on each of Plaintiff's claims.  See id.; see also Award, at p. 21.

Plaintiff now moves this Court to vacate the Award, alleging, amongst other things, that there was "unprecedented masterful collusion" in the arbitration proceedings between the Arbitrator and Defendants.  See Pet., p. 2-4.

For their part, Defendants request the Court deny Plaintiff's motion to vacate the Award, as well as grant Defendants' petition to confirm the Award and enter judgment on the Award in Defendants' favor.

## II.      DISCUSSION

This case presents the issue of whether a district court may vacate a binding award of an arbitrator pursuant to the Federal Arbitration Act ("FAA").  In reviewing an award, a court must afford great deference to the arbitrator's decision as well as the interpretation of the arbitrability of the dispute. See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996); see also Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir. 1989).  Such deference is given even in light of the speed and informality in which arbitration can take place. See Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007).  Indeed, it is these twin advantages that are lauded by federal policy and make arbitration favorable for the many private parties in resolving their disputes.  See Fairchild & Co., Inc. v. Richmond, Fredericksburg &

---

[1] It is noted that Plaintiff has not provided consecutive paragraphs throughout the Petition, thus page numbers are used throughout this order when referencing the documents of both Plaintiff and Defendant.

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

Potomac R.R. Co., 516 F. Supp. 1305, 1313 (D.D.C. 1981); see also Madison Indus., Inc., 84 F.3d at 1190; see also Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974) (acknowledging that the FAA "reflects a legislative recognition of the 'desirability of arbitration as an alternative to the complications of litigation.'") (quoting Wilko v. Swan, 346 U.S. 427, 431, (1953)).

In assessing cases such as the instant one, it is important to remember that "arbitration is a consensual agreement of the parties to substitute a final and binding judgment of an impartial entity for the judgment of the court." See Coast Trading Co. v. Pac. Molasses Co., 681 F.2d 1195, 1197 (9th Cir. 1982). The FAA itself provides limited grounds on which a federal court may vacate an arbitral award, and such awards are binding and enforceable unless the district court finds present one of the specified grounds. See 9 U.S.C. § 10; see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir.2003) (en banc). While the FAA generally presumes that arbitration awards will be confirmed, the statute enumerates four narrow bases for vacatur.

Specifically, section 10 provides that a court "may make an order vacating the [arbitration] award only: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehaviour by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).[2]

**A. Plaintiff's argument**

The Court has reviewed Plaintiff's Petition in its entirety. Careful consideration has been made of the section titled, 'Argument' (i.e. Section VI) through to the end of the Petition. Within this section, Plaintiff addressed each of the four statutory bases above. See Pet., at pp. 15-30. While several of those bases are misdirected, the Court has afforded Plaintiff a liberal construction

---

[2] Section 9 of the FAA provides that a "party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

3

**United States District Court**
For the Northern District of California

of the Petition given the fact that she is acting pro se. See Haines v. Kerner, 404 U.S. 519, 520-21(1972).[3]  Within this context, the court turns to Plaintiff's arguments.

**B. The Award was not procured by corruption, fraud, or undue means**

Pursuant to 9 U.S.C. § 10(a)(1), Plaintiff contends that the Award should be vacated because it was procured by corruption, fraud, or undue means.  To succeed, Plaintiff must show something more than just unfair conduct; instead, the Ninth Circuit has held that vacatur for "undue means" requires behavior that is immoral, if not illegal.  A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir.1992).  Importantly, a nexus must exist between the alleged fraud and the basis for the arbitrator's award.  Forsythe International, S.A. v. Gibbs Oil Co. of Texas, 915 F.2d 1017, 1022 (5th Cir.1990); see also McCollough, 967 F.2d at 1404 (holding that the same test for "fraud" applies to "undue means" under 9 U.S.C. § 10(a)(1)).  Further, "in order to justify vacating an award because of fraud or undue means, the party seeking to vacate the award must show that the conduct was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially  related to an issue in the arbitration, and (3) established by clear and convincing evidence."  McCollough, 915 F.2d at 1404.

Here, Plaintiff contends that the Award ignored testimonies of "grieving women in the Department" which purportedly violated 9 U.S.C. § 10(a)(1).  See Pet., at p.17.  Further, Plaintiff asserts that there was "tampering with evidence and concealing of testimonies." See id., at p. 21.  Specifically, she argues that the Award did not refer to "Plaintiff's claims" on "manager favoritism," "absenteeism," "chatting" and "online dating."  Id.

Plaintiff's argument under section 10(a)(1) is misdirected.   The Court holds that the contention that the "Award" did not refer to all the testimony does *not* indicate that the Arbitrator's award was procured by corruption or fraud - nor by undue means.  The reason is two-fold.

First, the Arbitrator's decision not to rely on evidence (or find it credible) is not a ground for holding that the Award contravened 9 U.S.C. § 10(a)(1).  As McCollough states, this section

---

[3] The Court observes that the Petition also provides arguments that stretch the four statutory bases to such an extent that it is implausible to find how those arguments could fall within the purview of the statutory framework.

**United States District Court**
For the Northern District of California

applies when the conduct is immoral, if not illegal.   967 F.2d at 1403.  Here, the Arbitrator's deliberation in giving weight and credibility to *some* of the 17 witnesses *over and above other witnesses* is not immoral, nor is such conduct illegal as Plaintiff would have the Court believe.

Second, the fact that the Arbitrator devoted more than 12 pages of the Award to factual findings demonstrates the standard that the Arbitrator sought to ensure that the arbitration itself was fair, and certainly not fraudulent or corrupt.  See id.; see also Pet., at Ex.1, pp. 2-14.  By asserting an argument under § 10(a)(1), Plaintiff is trying to force a 'square peg' through the proverbial 'round hole' because there is no evidence in the record to give rise to this claim.  Accordingly, the argument fails, which runs consistent with the "extremely narrow scope" that is permitted in the review of arbitration awards. See Emp'rs Ins. of Wausau v. Nat'l Union Fire Ins., 933 F.2d 1481, 1485 (9th Cir. 1991).

### C. There was no evident partiality or corruption by the Arbitrator

Plaintiff's next argument asserts that the Arbitrator was biased or partial to Defendants.  In order for Plaintiff to succeed on this claim under 9 U.S.C. §10(a)(2), she must show that specific facts create a reasonable impression of bias.  Lagstein v. Certain Underwriters at Lloyd's, 607 F.3d 634, 642 (9th Cir.2010); see also Woods v. Saturn Dist. Corp., 78 F.3d 424, 427 (9th Cir. 1996).

Typically, an attack of "evident partiality" is directed to a specific form of bias.  For example, bias has been shown when (1) an arbitrator's financial interest in the outcome of the arbitration was not disclosed to the parties (Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir.1985)), (2) a familial relationship made the arbitrator's impartiality suspect when not disclosed (Morelite Constr. Corp. v. N.Y. City Dist. Council Carpenters Benefit Funds, 748 F.2d 79, 85 (2nd Cir. 1984)), and (3) an arbitrator's former employment by one of the parties was not disclosed (Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 677 (7th Cir.1983)).  While not exhaustive, it is these examples that provide clear impressions of the level of partiality that is required by the statute; all of which do not exist in the present case for the reasons that follow.

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

1  Under §10(a)(2), Plaintiff seems to assert two arguments.  They are: (1) that the Award

2  "twisted facts" contrary to the "voluminous evidentiary documents in the record," and (2) that

3  Defendants and the Arbitrator engaged in ex parte communications.  See Pet., at pp. 20, 24-25.[4]

4  With respect to argument (1), the Court simply does not agree with Plaintiff's assertion that

5  so-called "twisted facts" in the Award create an impression of 'evident partiality' for the purposes

6  of 9 U.S.C. §10(a)(2).  To trigger application of this section, more is required than what Plaintiff

7  proffers in the Petition - particularly in circumstances such as this where the Arbitrator is permitted

8  to give different weight to different testimony in her deliberation of the Award.  For reasons similar

9  to that discussed above under 9 U.S.C. §10(a)(1), the fact that the Arbitrator may have given

10  weight to some facts, in light of the totality of all the evidence, does not establish partiality.

11  Indeed, as stated above, the Arbitrator is entitled to make findings with respect to weight and

12  credibility, and should do so in order to arrive at a conclusion one way or the other.  Such conduct

13  does not make the Award a partial or biased one; rather, the steps taken by the Arbitrator in this

14  case were steps that must be taken to give effect to the twin advantages of speed and efficiency that

15  are praised by federal policy.

16  With respect to Plaintiff's second argument under 9 U.S.C. §10(a)(2) regarding ex parte

17  communications, the Court rejects this argument on the basis that the declaration of Kevin Sears,

18  the Vice President of Labor Relations, rebuts any assertion of ex parte contact between Defendants

19  and the Arbitrator.  Relevantly, he states:

21  I had no ex parte contacts with Arbitrator McPharlin during the arbitration
    proceedings in this matter, whether pre-hearing, during the time of the hearing, or
22  post-hearing. I also am not aware that any of Macy's personnel or witnesses had any
    ex parte contact with Arbitrator McPharlin.

---

[4] While the Court has taken steps to identify these arguments, the Court is mindful not serve as Petitioner's advocate.  See Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court further observes that the remainder of the arguments with respect to §10(a)(2), asserted by Plaintiff, are incomprehensible.  For example, there are a number allegations unrelated to a motion to vacate under the FAA - such as alleged facts noting "hysterical laughter on the sales floor" and other allegations regarding employees "complementing tie color."  The Court cannot discern under what statutory provision these claims may be brought.  See Pet., at p. 20.  Put simply, Plaintiff has not clearly delineated the statutory sections and the arguments relevant to each one.

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

1    See Decl. of Kevin Sears ("Sears Decl."), Docket Item No. 59.

2        In fact, because Plaintiff was pro se, Defendants "went out of [their] way to limit contact

3    with  Arbitrator McPharlin during the time period of the arbitration hearing, including not eating in

4    the  same restaurant and not staying at the same hotel as [the Arbitrator]." Id.  In this case, the

5    Sears Declaration silences any ex parte concerns and satisfies the court that such conduct did not

6    occur as alleged.

7        But even if Plaintiff's assertions were true, Plaintiff does not show how any ex parte

8    contract resulted in bias against her.  Instead, the Petition tends to point the other way.

9    Specifically, when Defendants allegedly requested that the Arbitrator remove a document ex parte,

10   the Arbitrator said that she "really can't" do that because, as the Arbitrator said, it was already "in

11   the record." See Pet., at p. 24.  Ironically, these quotes exist in the Plaintiff's own Petition.  Not

12   only are they inconsistent with the argument that Plaintiff is attempting to assert, the alleged ex

13   parte contact (if true) would not rise to to the level of "evident partiality" justifying vacatur. See

14   Fairchild, 516 F. Supp. at 1313; see also  Bell Aerospace Co. v. Local 516, UAW, 500 F.2d 921,

15   923 (2d Cir. 1974).

16       **D. There is no evidence of misconduct on the part of the Arbitrator**

17       To vacate an arbitration award on the grounds of refusal to hear evidence, the party must

18   show that "the exclusion of relevant evidence deprive[d] a party from a fair hearing." Karaha

19   Bodas Co. v. Perusahaan Pertambangan Minyak, 364 F.3d 274, 301 (5th Cir. 2004)[5]; Hernandez v.

20   Smart & Final, Inc., 09-cv-2266 BEN (NLS), 2010 WL 2505683, *8-9, 2010 U.S. Dist. LEXIS

21   60755, *17-18 (S.D. Cal. June 16, 2010).  Specifically, "every failure of an arbitrator to receive

22   relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award.  A

23   federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and

24

25   [5] See, also Hoteles Condado Beach, La Concha and Convention Ctr. v. Union De Tronquistas
     Local 901, 763 F.2d 34, 39 (1st Cir. 1985)) (holding that "[a]n 'arbitrator is not bound to hear all of
26   the evidence tendered by the parties.... [He] must give each of the parties to the dispute an adequate
     opportunity to present its evidence and arguments.'"); Slaney v. Int'l Amateur Athletic Fed'n, 244
27   F.3d 580, 592 (7th Cir. 2001) ((cautioning that "parties that have chosen to remedy their disputes
     through arbitration rather than litigation should not expect the same procedures they would find in
28   the judicial arena."); Generica, Ltd. v. Pharm. Basics, Inc., 125 F.3d 1123, 1130 (7th Cir. 1997).

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

**United States District Court**
For the Northern District of California

1    material evidence prejudices the rights of the parties to the arbitration proceedings." See Hoteles

2    Condado Beach v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir. 1985); see also

3    Hernandez, 2010 WL 2505683, *8-9.

4            Here, and as the Court has already noted, the arguments in Plaintiff's Petition have been

5    difficult to discern.   The arguments with respect to 9 U.S.C. § 10(a)(3) are no exception.

6    Nonetheless, and on liberal construction of the Petition, the Court identifies at least two arguments

7    under this statutory ground.  The first is an argument of ex parte communications between the

8    Defendants and the Arbitrator.  See Pet., at p. 24.  Discussion of this argument has been largely

9    made above with respect to § 10(a)(2).  The Court confirms that the reasoning there is equally

10   applicable here, and finds against Plaintiff.

11           The second argument also overlaps with assertions raised above - specifically, that the

12   Arbitrator was guilty of misconduct in refusing to hear pertinent evidence of the Plaintiff's case.

13   Id., at pp. 24-25.  Here, Plaintiff targets the refusal of one specific piece of evidence worthy of

14   further analysis.  Specifically, she contends that the Arbitrator did not consider Exhibit 19.[6]  By not

15   reviewing the Exhibit 19, Plaintiff asserts that the "Arbitrator accommodated Defendants by denial

16   of Plaintiff's evidentiary documents." Id., at p. 25.  As such, Plaintiff asserts that this was "another

17   example of the Arbitrator's prejudicial misconduct." Id.

18           The Court, however, disagrees with Plaintiff, primarily because Plaintiff provides no

19   substantial or credible evidence that Arbitrator engaged in ex parte contact with Defendants to deny

20   review of Exhibit 19.   This brings into question whether the Arbitrator was ever even aware of

21   Exhibit 19 in the first place.  As such, the lack of any awareness would rebut any argument that it

22   was deliberately excluded.

23           Second, even if the Exhibit 19 was deliberately excluded, Plaintiff must show that "the

24   exclusion of relevant evidence deprive[d] her from a fair hearing.  See Karaha Bodas Co., 364

25   F.3d at 301; see also Hernandez, 2010 WL 2505683, at *8-9.  After reviewing Exhibit 19, the

26   Court finds it difficult to view how the alleged exclusion of that exhibit could give rise to the

27
_____
[6] That exhibit is titled, "Middle Management's Email correspondence with [Ms.] Macon, HR
28   Director."

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

United States District Court
For the Northern District of California

1    impression that Plaintiff received an unfair hearing.  As has been stated earlier, the Arbitrator

2    considered the testimony of 17 other witnesses.  This occurred over the course of nine days.

3    During the hearing, a further 92 exhibits were submitted to the Arbitrator.  See Opp'n, at p. 12.  In

4    light of this evidentiary review, the Court is not persuaded that the Arbitrator's action could

5    constitute misconduct that falls within the scope of 9 U.S.C. § 10(a)(3).  The purpose of that

6    section is directed to cases where the misconduct amounts to a denial of fundamental fairness in the

7    proceeding.  Thus, in light of the length of the hearing, alongside the number of witness and

8    exhibits on the record, the Court is must determine that Plaintiff was provided a fair arbitration

9    hearing.

10        Finally, Employers Ins. of Wausau v. National Union Fire Ins., 933 F.2d 1481, 1490 (9th

11   Cir. 1991), informs the Court that it is not enough to merely allege or show *some* misconduct or

12   misbehaviour by the Arbitrator with respect to § 10(a)(3); rather, "a showing of prejudice is a

13   prerequisite to relief based on an [arbitrator's] evidentiary  rulings."  Plaintiff has failed to make

14   such a showing, which only furthers the notion that this argument is without merit.

15        **E. The arbitrator did not exceed her powers**

16        Under 9 U.S.C. § 10(a)(4), "arbitrators exceed their powers when they express a 'manifest

17   disregard for the law,' or when they issue an award that is 'completely irrational.'"  See Bosack,

18   586 F.3d at 1104; Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1290 (9th Cir.

19   2009). This is a high standard for vacatur: "[i]t is not enough . . . to show that the panel committed

20   an error-or even a serious error.'"  Lagstein v. Certain Underwriters at Lloyd's, 607 F.3d 634, 642

21   (9th Cir. 2010) (quoting Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp., 130 S. Ct. 1758, 1767

22   (2010)).  Indeed, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify

23   federal court review of an arbitral award under the statute, which is unambiguous in this regard."

24   Bosack, 586 F.3d 1102; see also Kyocera Corp. v. Prudential-Bache T Servs., 341 F.3d 987, 997

25   (9th Cir. 2003) (en banc) (holding that "arbitrators 'exceed their powers' . . . when the award is

26   'completely irrational,' or exhibits a 'manifest disregard of law.'")

27

28

9

United States District Court
For the Northern District of California

### 1. Completely Irrational Award

An award is "completely irrational only where the arbitration decision fails to draw its essence from the agreement." Lagstein, 607 F.3d at 642; Comedy Club, 553 F.3d at 1288. This standard is "extremely narrow." Bosack, 586 F.3d at 1106. "An arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." Lagstein, 607 F.3d at 642; Bosack, 586 F.3d at 1106. "[T]he question is whether the award is 'irrational' with respect to the contract, not whether the panel's findings of fact are correct or internally inconsistent." Lagstein, 607 F.3d at 642; Bosack, 586 F.3d at 1106.

Based on the Plaintiff's Petition, there are no arguments that meaningfully rely upon this aspect of 9 U.S.C. § 10(a)(4). Plaintiff's arguments were more directed to whether the Arbitrator exceeded her powers by manifest disregard for the law.

### 2. Manifest Disregard for the law

Under 9 U.S.C. § 10(a)(4), 'manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Lagstein, 607 F.3d at 642. "[T]o demonstrate manifest disregard, the moving party must show that the arbitrator underst[ood] and correctly state[d] the law, but proceed[ed] to disregard the same." Bosack, 586 F.3d at 1104; Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." Bosack, 586 F.3d at 1104; Collins, 505 F.3d at 879. In some cases, "legally dispositive facts are so firmly established that an arbitrator cannot fail to recognize them without manifestly disregarding the law." Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1133 (9th Cir. 2003).

Here, Plaintiff asserts that Arbitrator exceeded her powers because she issued an award that violated well-defined public policy, and/or a statutory right. See Pet., at p. 28. Plaintiff's argument targets Defendants' purported failure to correct workplace harassment. Id.

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

1    Upon closer inspection of the Award, Plaintiff's argument on this ground is without merit.

2    After establishing the findings of fact at the beginning of the Award, the Arbitrator addressed each

3    of the alleged claims.  See Award, at pp. 14-21.  Amongst those claims, the Arbitrator examined

4    the alleged failure of Defendants to prevent sexual harassment.  After outlining the relevant law on

5    this issue, the Arbitrator then noted that upon the Defendants becoming aware of the harassment,

6    Defendants promptly investigated the conduct and issued disciplinary measures.  Id., at p. 15.  The

7    Award further stated that while Plaintiff "had wanted to see" the offending party terminated from

8    employment, the Award noted that there was no "public policy that every harasser must be fired"

9    and cited relevant law, accordingly.  Id.

10    Irrespective of what this Court thinks of the merits of the decision, it is in no position to

11    question the Award because this is not a case where there has been a "manifest disregard of the

12    law."  For an arbitrator's award to be in manifest disregard of the law, "[i]t must be clear from the

13    record that the arbitrator [ ] recognized the applicable law and then ignored it."  Mich. Mut. Ins.

14    Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995).  This is not what occurred here: the

15    Arbitrator did not ignore the law; instead, the Arbitrator applied the law to the facts, which she had

16    found earlier in her decisions.  Moreover, nowhere can Plaintiff show that the Arbitrator was aware

17    of the law and "intentionally disregarded it." Bosack, 586 F.3d at 1104.  Accordingly, this

18    argument for Plaintiff also fails.

19                           **III.   CONCLUSION**

20    In summary,  Plaintiff's motion  to vacate  takes  issue  with the result  of  the arbitration,

21    essentially asking  this Court  to sit  in de novo review  of the  arbitration proceedings and the

22    Arbitrator's factual  and legal determinations. Many of the factual determinations Plaintiff seeks

23    this Court to address turn primarily on the weight of the evidence, which is for the Arbitrator to

24    address - not this Court. As such, none of the purported grounds set forth in Plaintiff's motion

25    supports vacating the Final Award; ever more so where the Arbitrator's 22-page decision carefully

26    analyzed the testimony and evidence presented by both sides, and then applied the applicable law

27    to the factual findings to reach her conclusions of law.

28

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

# IV.     ORDER

For the reasons stated above, Defendants' motion to confirm the Arbitrator's Award is GRANTED.  Plaintiff's motion to vacate the arbitration award is DENIED.

**IT IS SO ORDERED.**

Dated: June 28, 2012



_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:09-cv-04894 JW
ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING
DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

**United States District Court**
For the Northern District of California